Meredith A. Jones-McKeown, Bar No. 233301
MJonesMcKeown@perkinscoie.com
Oliver M. Gold, Bar No. 279033
OGold@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA  94105-3204
Telephone:  415.344.7000
Facsimile:  415.344.7050

Attorneys for Petitioner
Lendlease (US) Construction Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LENDLEASE (US) CONSTRUCTION INC., <br><br> Petitioner, <br><br> v. <br><br> CHINA OCEANWIDE HOLDINGS LIMITED, <br><br> Respondent. | Case No. 2:20-cv-10738-JAK-MAA <br><br> **PETITIONER LENDLEASE (US) CONSTRUCTION INC.'S REPLY IN SUPPORT OF ITS PETITION TO CONFIRM ARBITRATION AWARD** <br><br> Date:          May 3, 2021 <br> Time:         8:30 a.m. <br> Courtroom:  10B <br> Judge:        John A. Kronstadt |

## I. INTRODUCTION

Petitioner Lendlease (US) Construction Inc. ("Lendlease") is entitled to confirmation of the Final Award arising out of a straightforward contract dispute between Lendlease and Respondent China Oceanwide Holdings Limited ("Oceanwide"). The parties agreed to a limited, fast-track arbitration to resolve any issue over the funding schedule set out in the Parent Company Guarantee (the "PCG"). The Arbitrator appropriately stayed within the confines of the PCG's arbitration provision negotiated between two sophisticated, counseled parties, and there is no basis under the Federal Arbitration Act ("FAA") upon which to vacate, modify, or correct the Final Award.

Oceanwide does not dispute, and in fact concedes, every element of Lendlease's sole claim for breach of the PCG. The Arbitrator considered the evidence before him and ruled that Oceanwide failed to make its promised payments as set out in the PCG; and, although Lendlease was not required to plead or prove licensure, Lendlease had established that it was duly licensed under California law at all relevant times. The Arbitrator's findings and conclusions are not subject to disturbance and mandate confirmation of the Final Award.

In its Combined Opposition to Lendlease's Motion to Confirm Arbitration Award and Reply in Support of Motion to Vacate (the "Response"), Oceanwide has abandoned many of its initial arguments. Instead, it focuses on the supposition that the Arbitrator somehow wrongfully denied Oceanwide the ability to cross-examine Lendlease on the issue of licensure and instead decided the matter strictly on the papers. (ECF 16, at 2). But Oceanwide's entire argument ignores the key fact that ***the Arbitrator possessed the "sole discretion as to whether to decide the matter on the papers or to take testimony***." (ECF 1, Ex. 2 § 13(e)). Oceanwide negotiated and agreed to this provision and does not claim otherwise. The Response provides no explanation how the Arbitrator violated this provision, nor could it.

Under the FAA and authority interpreting the act, a court must confirm an arbitration award unless its "limited and highly deferential" review reveals "an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). In this case, where the Arbitrator acted squarely within his bounds of express discretion upon which the parties agreed, no viable grounds for vacatur exist. The Final Award must be confirmed.

## II.   ARGUMENT

### A.   Lendlease is Entitled to Confirmation of the Final Award.

"Confirmation is a summary proceeding that converts a final arbitration award into a judgment of the court." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011). Federal law precludes the Court from re-adjudicating the facts or the law already determined by the Arbitrator. *See Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019). Here, the Arbitrator's findings of fact and conclusions of law in the Final Award confirm that there is no basis for vacatur. 9 U.S.C. § 9. Oceanwide's last-ditch attempts to misstate the record and conflate the appropriate legal issues to be decided by the Court must be rejected.

The Arbitrator received evidence and ruled in Lendlease's favor on the single undisputed issue of whether Oceanwide breached its payment obligations under the PCG. The Arbitrator was empowered by the parties to decide whether to take testimony or to decide the dispute on the papers, which he duly exercised in denying Oceanwide the ability to cross-examine a witness on an irrelevant question. "[A]rbitrators are given great latitude in conducting an arbitration hearing. Such proceedings are not constrained by formal rules of procedure or evidence." *Checkrite of San Jose, Inc. v. Checkrite, Ltd.*, 640 F. Supp. 234, 236 (D. Colo. 1986); *see also*

*U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010) ("Arbitrators enjoy 'wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit.'"); *see also Sunshine Mining Co. v. United Steelworkers of America, etc.*, 823 F.2d 1289, 1295 (9th Cir. 1987) ("[A] party does not have an absolute right to cross-examination.").

Oceanwide's repetitive arguments that the PCG is somehow an illegal contract are not only not supported by any evidence, but were considered and rejected by the Arbitrator. Under federal law, those findings and conclusions may not be disturbed. Accordingly, the Court should grant Lendlease's Petition and confirm the Final Award.

### B. Oceanwide Concedes the Vast Majority of Lendlease's Arguments in Support of Confirming the Final Award.

In a direct misrepresentation of Lendlease's papers, Oceanwide claims Lendlease only argued (i) the Arbitrator made substantive rulings on licensure; and (ii) the Court must defer to the Arbitrator's findings. (ECF 16 at 5-6.) This is simply not true. In Lendlease's Verified Petition (ECF 1) and its Opposition to Oceanwide's Motion to Vacate (ECF 15), Lendlease refuted Oceanwide's several arguments for vacatur with a host of material facts and contrasted the inapplicable cases cited by Oceanwide with controlling federal authority, which Oceanwide has simply ignored in its Response. Some of the key matters that Oceanwide ignores, and thus concedes, include:

- The PCG contemplates two separate arbitrations for different issues: first, a fast-track, single issue arbitration in the event that Oceanwide failed to make required payments to Lendlease under a funding schedule prescribed by the PCG; and second, a more fulsome arbitration for any other claims and disputes, including any dispute that might implicate or involve Oceanwide's affiliate, Oceanwide Plaza, LLC (the "California Entity"). (*See, e.g.*, ECF 1, ¶ 8; ECF 15, at 7). The instant dispute involves only the first obligation; the second

obligation was not at issue in the underlying arbitration and is not at issue here;[1]

- Under the FAA (as opposed to the CAA), a challenge to an arbitration award on the grounds that the underlying contract is void for illegality is a question for the arbitrator, not a district court. (ECF 15, at 16) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006));

- A district court is not permitted to re-adjudicate evidence submitted in the arbitration or the legal conclusions the Arbitrator drew from that evidence (ECF 15, at 15) (citing *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019));

- The PCG cannot be deemed "illegal" by virtue of a discretionary act of the CSLB, which by its nature cannot be *ultra vires* (*See* ECF 15 at 20-22) (citing *In re Cty. of Orange*, 31 F. Supp. 2d 768, 774 (C.D. Cal. 1998));

- There is no basis to vacate the Final Award based on the FAA's public policy exception (ECF 15, at 24-25) (citing *Aramark Facility Servs.*, 530 F.3d at 823, *citing Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 CF.3d 988, 992 (9th Cir. 1995)); and

- The controlling authority on the federal standard to confirm or vacate an arbitral award forecloses Oceanwide's arguments in support of vacatur.

### C. The Arbitrator Appropriately Found Lendlease was Entitled to Recover its Payments Under the PCG.

Oceanwide spends much of its Response arguing the Arbitrator did not rule that licensure was not required for Lendlease to recover under the PCG and should have considered whether "an unlicensed contractor is barred from recovering payment from a guarantor." (ECF 16 at 5-6). But Oceanwide provides no support

---

[1] Rather than respond to Lendlease's distinguishing of the two resolution mechanisms, Oceanwide has attempted to improperly conflate the two separate dispute resolution mechanisms set forth in the PCG as support for vacating the Final Award.

for this argument. Instead, it ignores the clear language of the PCG, which expressly states the sole issue for the Arbitrator to decide is whether the Funding Schedule Payments were made in accordance with the PCG, and explicitly provides the Arbitrator possessed the "sole discretion as to whether to decide the matter on the papers or to take testimony." (ECF 1, Ex. 2 § 13).

The Arbitrator confirmed in the Final Award that "Lendlease ha[d] demonstrated ***with sufficient evidence, which Oceanwide does not dispute***, that Lendlease and Oceanwide entered into the [PCG] ***and that Lendlease has fully performed all of the terms and conditions required on its part to be performed under the [PCG].***" (ECF 1, Ex. 1 at 7) (emphasis added). The Arbitrator set forth the elements Lendlease was required to, and did, establish by a preponderance of the evidence. (*Id.*) (citing *Gray1 CPB, LLC v. Kolokotronis*, 202 Cal. App. 4th 480, 486 (2011) and requiring Lendlease to prove: "(1) a guarantee contract; (2) default by the borrower; (3) notice to the guarantor of the default; and (4) nonpayment of the debt by the guarantor."). It is hornbook law that "[t]he first element requires a valid contract." *Canedo v. Pac. Bell Tel. Co.*, 341 F. Supp. 3d 1116, 1128 (S.D. Cal. 2018), citing *Contemporary Investments, Inc. v. Safeco Title Ins. Co.*, 145 Cal. App. 3d 999, 1002 (1983). The Arbitrator's findings and conclusions thus encompass his determination that the PCG is not an illegal or invalid contract.

Further, the Arbitrator considered each side's arguments and evidence related to the licensure allegation. Specifically, the Arbitrator's reasoned decision found that licensure was irrelevant for two reasons. First, he correctly found the dispute did not concern a construction contract, and construction licensing-related issues were reserved to the separate dispute between Lendlease and the California Entity. (ECF 1, Ex. 1, Ex. A ¶ 4). Second, he confirmed his jurisdiction was limited by the express terms of the parties' agreement to evaluating whether or not the Funding Schedule Payments had been made: "The 'sole issue' that is before me and which I am

empowered to decide is whether [] Oceanwide [] made the Funding Schedule Payments in accordance with the Guarantee." (*Id*.)

Despite Oceanwide's protestations to the contrary, the Arbitrator considered Oceanwide's claim that Lendlease should be required to plead and prove licensure. (ECF 1, Ex. 1, Ex. A, ¶¶ 3-4). He properly rejected that contention on the papers. This was entirely within his discretion as set out in the arbitration provision Oceanwide itself negotiated and agreed to. (ECF 1, Ex. 2 ¶ 13(e)). "Parties who agree to submit matters to arbitration are 'presumed to agree that everything, both as to law and fact, necessary to render an ultimate decision, is included in the authority of the arbitrator.'" *Checkrite of San Jose, Inc.*, *supra*, 640 F. Supp. at 236, internal citation omitted.

The Arbitrator's decision on the merits of Lendlease's claim are conclusive and should not be disturbed. "Courts are not authorized to review the Arbitrator's decision on the merits, despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001).

### D. Even if not Required to so do Under the PCG, Lendlease Provided Sufficient Evidence to the Arbitrator that its Construction Licensure is Valid.

The Response also argues the Arbitrator improperly failed to make any findings on the status of Lendlease's license. Oceanwide's argument willfully ignores the record before this Court. Although it was not required to do so, the Arbitrator noted the evidence submitted by Lendlease conclusively demonstrated its proper licensure: "Claimant Lendlease ***demonstrates*** [its license] has been in place continuously based on the [CSLB's] License Detail, attached as Exhibit A to the Supplemental Declaration of Joe Wathen, see also Exhibit F, granting a 90-day extension to the 90-day period for replacing a qualifier from the CSLB dated 12/21/18 and Exhibit G letter from CSLB confirming Mr. Wathen passing the necessary exam dated 1/11/19)." (ECF 1, Ex 1, Ex. A ¶ 4) (emphasis added). In its

Response, Oceanwide attempts to portray this language as a "recital of the evidence that Lendlease had provided," and thus not an evidentiary finding. (ECF 16 at 6). This argument mischaracterizes the plain text of the ruling, in which the Arbitrator found Lendlease had "demonstrated" proper licensure. It also ignores the fact that Oceanwide had the opportunity to submit evidence to the Arbitrator but declined to so do. (ECF 1, Ex. 1 at 19). The full text of Paragraphs 3 and 4 of the Arbitrator's decision (detailing the parties' positions and the Arbitrator's findings, respectively), are as follows:

> 3. Respondent and Guarantor Oceanwide Holdings also raises the argument that Claimant Lendlease "should be required to establish that it maintained a valid construction license at all times during the project". (Answer to Claimant's Demand for Arbitration of Breach of Guarantee by China Oceanwide Holdings Limited, pp. 2-4 and China Oceanwide's Opposition to Lendlease Motion to Reduce the Scope of the Arbitration, pp. 5-8). Claimant and Guaranteed Party Lendlease contends, among other things, that construction licensure is not germane to the Parent Company Guaranty because the Parent Company Guaranty "does not concern the underlying Construction Contract or any obligations or duties that may have arisen under that agreement, including any duty to be licensed". Claimant and Guaranteed Party Lendlease also argues that the cases cited by Respondent for the proposition that Claimant Lendlease in its capacity as the Guaranteed Party under a Parent Company Guarantee must possess a California contractor's license to enforce the Guarantee, are distinguishable because those cases involve a situation where a contractor is seeking to foreclose a security interest like a mechanics lien as opposed to a commercial guarantee. Claimant Lendlease also contends that such issues can be raised in the context of the Construction Contract and through the more robust arbitration process as contemplated and agreed to by the Parties.

> 4. This case is not a construction case. Construction issues including construction contract licensure (which Claimant Lendlease demonstrates has been in place continuously based on the Contractor's State License Board's License Detail, attached as Exhibit A to the Supplemental Declaration of Joe Wathen, see also Exhibit F, granting a 90-day extension to the 90-day period for replacing a qualifier from the CSLB dated 12/21/18 and Exhibit G letter from CSLB confirming Mr.

Wathen passing the necessary exam dated 1/11/19), can be raised by nonparty Oceanwide California under the dispute process provided for in the Parent Company Guaranty and the Construction Contract where it is a party. In a like manner, any construction project payment and accounting issues can also take place in that context and are beyond the jurisdiction of this Arbitrator per the terms of the Parent Company Guarantee.

The Arbitrator's statement in Paragraph 4 that Lendlease has "demonstrated" its licensure has been continuously in place based on the evidence submitted is an appropriate evidentiary finding.

Oceanwide also cannot identify any language in the PCG requiring an evidentiary hearing under the fast-track arbitration to determine whether Oceanwide made its Funding Schedule Payments. Instead, the PCG states the opposite; the Arbitrator possessed the sole discretion to rule on the matter strictly on the papers and to refrain from taking oral testimony. Even without this express clause, "[a]rbitrators…are accorded 'wide discretion to require the exchange of evidence, and to admit or exclude evidence how and when they see fit.'" *Smith v. VMware, Inc.*, No. 15-cv-03750-HSG, 2018 WL 3744472, at *2 (N.D. Cal. Aug. 7, 2018), *citing U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010). They "are given great latitude in conducting an arbitration hearing. Such proceedings are not constrained by formal rules of procedure or evidence." *Checkrite of San Jose, Inc. v. Checkrite, Ltd.*, *supra*, 640 F. Supp. at 236. That is particularly true where, as here, the parties expressly negotiated language giving the Arbitrator the discretion to determine whether or not he should take oral testimony, whether on direct or cross-examination. The Arbitrator did not err by refusing to allow Oceanwide to cross-examine Lendlease on an extraneous issue as expressly contemplated by the plain language of the PCG.

"Arbitration differs radically from litigation, and one who chooses it must be content with its informalities and looser approximations as to the enforcement of their

rights." *Hart v. Orion Ins. Co.*, 453 F.2d 1358, 1361 (10th Cir. 1971). In *Hart*, the petitioner claimed error after the court denied a request for an evidentiary hearing in the arbitration proceedings. *Id*. The Court rejected this argument, stating "[t]he policy says nothing about a hearing. The [arbitration referees] were reasonably designated because of their expertise in, and knowledge of, the subject matter which they were to evaluate. The exercise of that expertise does not require an evidentiary hearing." *Id.* A similar situation is presented here: the parties negotiated for a fast-track arbitration before an industry expert. There is no language in the PCG requiring any hearing and in fact, the applicable provision suggests otherwise. (ECF 1, Ex. 2 § 13(e)). Oceanwide has identified no basis for an evidentiary hearing to determine licensure, and thus no basis to overturn the Final Award. The Arbitrator followed the mandates of the PCG and Oceanwide cannot be heard to complain now simply because it is unsatisfied with the Final Award.

### III.   CONCLUSION

For all of the above reasons, Lendlease respectfully requests that the Court grant this Petition and confirm the Final Award.

DATED: March 8, 2021

**PERKINS COIE LLP**

By: */s/ Meredith A. Jones-McKeown*
    Meredith A. Jones-McKeown
    Oliver M. Gold

Attorneys for Petitioner
Lendlease (US) Construction Inc.

# PROOF OF SERVICE

I, Isabel Haas, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 505 Howard Street, Suite 1000, San Francisco, California 94105-3204.

On March 8, 2021, I electronically filed the attached document:

> PETITIONER LENDLEASE (US) CONSTRUCTION INC.'S REPLY IN SUPPORT OF ITS PETITION TO CONFIRM ARBITRATION AWARD

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

> Daniel Abraham Cantor
> *daniel.cantor@oceanwideus.com*
> *danielcantor@sbcglobal.net*
> *dc@asc-law.com*
>
> John Foust
> *jfoust@rallsgruber.com*

And I hereby do certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> *Ken W Choi*
> *General Counsel*
> *Oceanwide Plaza LLC*
> *865 South Figueroa Street Suite 3400*
> *Los Angeles, CA 90017*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 8, 2021, at Concord, California.

*/s/ Isabel Haas*
Isabel Haas