John Foust, State Bar No. 218824
**RALLS GRUBER & NIECE LLP**
400 S. El Camino Real, Suite 850
San Mateo, CA 94402
Phone: 415.971.9181
Fax: 650.240.2250
Email: jfoust@rallsgruber.com

Attorneys for Respondent,
CHINA OCEANWIDE HOLDINGS LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LENDLEASE (US) CONSTRUCTION INC., <br><br> Petitioner, <br><br> vs. <br><br> CHINA OCEANWIDE HOLDINGS LIMITED, <br><br> Respondent. | Case No.: 2:20-cv-10738-JAK-(MAA) <br><br> **DECLARATION OF JOHN FOUST IN SUPPORT OF RALLS GRUBER & NIECE LLP'S MOTION TO WITHDRAW AS COUNSEL** |

I, John Foust, declare:

1. I am an attorney authorized to practice law in the State of California and admitted to practice before this Court. I am a partner at the law firm of Ralls Gruber & Niece LLP, counsel of record for Respondent China Oceanwide Holdings Limited in the above-titled action. This declaration is offered in support of Ralls Gruber & Niece LLP's Motion to Withdraw as Counsel. I have personal knowledge of the facts contained herein, and I could and would testify competently to these facts if required to do so.

2. Circumstances have arisen such that Ralls Gruber & Niece LLP can no longer represent China Oceanwide Holdings in this action. Some of the relevant circumstances are described below in Paragraphs 3 through 7. **Additional details can be provided to the Court *in camera* upon request**.

3. China Oceanwide Holdings Limited ("**COHL**") is a Bermuda company "listed" on the Hong Kong stock exchange. In September 2023, a Bermuda court ordered that COHL be wound up and appointed Teneo (Bermuda) Limited and Teneo Asia Limited (jointly, "**Teneo**") as joint provisional liquidators ("**JPL**"). Attached hereto as **Exhibit "A"** is a copy of the order of the Bermuda court.

4. Subsequently, on December 20, 2023, the Hong Kong High Court also ordered the winding up of COHL. Attached hereto as **Exhibit "B"** is a copy of COHL's notice to the Hong Kong Stock Exchange publicly announcing the order by the Hong Kong High Court and the continued suspension of trading of COHL stock.

5. Subsequently, on September 16, 2024, the Hong Kong High Court appointed Deloitte Touche Tohmatsu as the permanent liquidators of COHL. Attached hereto as **Exhibit "C"** is a copy of the court order appointing Deloitte Touche Tohmatsu as the permanent liquidators of COHL.

6. I am informed and believe, and on that basis declare, that COHL has no employees or directors as of the date of this declaration. I am further informed and

-2-

believe, and on that basis declare, that the books and records of COLH have been handed over to Deloitte Touche Tohmatsu as the permanent liquidators of COHL.

7. As of the date of this declaration, I am unable to communicate with anyone at COHL or receive direction from COHL as to how to proceed with my duties as counsel in this action. Consequently, I am no longer able to effectively represent COHL in this action.

8. On January 19, 2024, I provided notice of the Motion to Withdraw to Teneo, Deloitte Touche Tohmatsu, and to persons formerly affiliated with COHL. In accordance with Local Rule 83-2.3.34, I provided written notice that an organization may not appear pro se.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 19th day of January 2025, in Brooklyn, New York.

_____
JOHN FOUST

# Exhibit A

**IN THE SUPREME COURT OF BERMUDA**
**(COMMERCIAL COURT)**
**COMPANIES (WINDING UP)**
**2022: No. 172**

**IN THE MATTER OF CHINA OCEANWIDE HOLDINGS LIMITED**
**AND IN THE MATTER OF THE COMPANIES ACT 1981**

---

**ORDER**

---

**UPON THE PETITION** of New York - 80 South Street, LLC presented on 9 June 2022.

**AND UPON** hearing Counsel for the Company and Counsel for the Petitioner

**IT IS ORDERED THAT—**

1. The Company be wound up.

2. Michael Morrison and Charles Thresh of Teneo, 9 Par-la-Ville Road, Third Floor, Hamilton, HM 11, Bermuda and Chan Mei Lan (Galaxy Chan) of Teneo Asia Limited, 13/F Wyndham Place, 40-44 Wyndham Street, Central, Hong Kong, be appointed as joint provisional liquidators (**the JPLs**) of the Company with immediate effect with powers granted pursuant to section 175 of the Companies Act 1981, such powers to be exercised by the JPLs acting jointly and severally.

3. The JPLs shall not be required to give security for their appointment.

4. The powers of the JPLs appointed pursuant to paragraph 2 above shall not be limited pursuant to section 170(3) of the Act, such powers to be exercised by the JPLs acting jointly and severally.

5. The JPLs may retain and employ barristers, attorneys, solicitors or other lawyers in Bermuda and other jurisdictions as the JPLs see fit for the purpose of advising and assisting the JPLs in the execution of their powers or in any legal or

arbitration proceedings and such professionals or other individuals, partnerships, associations or companies as they may consider necessary with regard to the execution of their powers and they shall in their discretion determine the quantum of remuneration to be paid to such attorneys, professionals or other individuals, partnerships, associations or companies as aforesaid.

6. The JPLs may commence all proceedings outside Bermuda as may be necessary to have their appointment recognised.

7. The costs, charges and expenses of all persons retained or employed by the JPLs together with the costs, charges and expenses of the JPLs and all other costs and expenses properly incurred in the course of the provisional liquidation of the Company shall be paid as bills are rendered out of the assets of the Company.

8. The JPLs shall be at liberty to submit to the Registrar of the Supreme Court of Bermuda bills of costs for taxation for all costs, charges and expenses of those persons or firms employed by them and that such taxation shall be on an attorney-and- own-client basis with respect to the costs, charges and expenses of attorneys and on an equivalent basis for all managers, accountants, auctioneers or other persons.

9. The Petitioner's and Company's costs of and incidental to the hearing of the Petition shall be paid as a first priority out of the assets of the Company

**DATED** this 22nd day of September 2023



Chief Justice

103583250v1

IN THE SUPREME COURT OF BERMUDA

(COMMERCIAL COURT)

COMPANIES (WINDING-UP)

2022: No. 172

IN THE MATTER OF CHINA OCEANWIDE HOLDINGS LIMITED

AND IN THE MATTER OF THE COMPANIES ACT 1981

---

**ORDER**

---

**APPLEBY (BERMUDA) LIMITED**

Canon's Court

22 Victoria Street

Hamilton HM12

Bermuda

**Attorneys for the Petitioner**

453223.0002/LV/JB

103583250v1

[Stamp: SUPREME COURT BERMUDA 2023 SEP 22 AM 11:24]

# Exhibit B

*Hong Kong Exchanges and Clearing Limited and The Stock Exchange of Hong Kong Limited take no responsibility for the contents of this announcement, make no representation as to its accuracy or completeness and expressly disclaim any liability whatsoever for any loss howsoever arising from or in reliance upon the whole or any part of the contents of this announcement.*



**中泛控股有限公司**
**CHINA OCEANWIDE HOLDINGS LIMITED**

*(Incorporated in Bermuda with limited liability)*
*(In liquidation)* **(Stock Code: 715)**

## WINDING UP BY THE COURT; APPOINTMENT OF PROVISIONAL LIQUIDATOR; AND CONTINUED SUSPENSION OF TRADING

This announcement is made by China Oceanwide Holdings Limited (In Liquidation) (the "**Company**") pursuant to Rule 13.09(2)(a) and Rule 13.25(1)(b) of the Rules Governing the Listing of Securities on The Stock Exchange of Hong Kong Limited and the Inside Information Provisions under Part XIVA of the Securities and Futures Ordinance (Chapter 571 of the Laws of Hong Kong).

Reference is made to (i) the announcement of the Company dated 12 July 2023 in relation to the statutory demand dated 10 July 2023 issued under section 327(4)(a) of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Chapter 32 of Laws of Hong Kong) and (ii) the announcement of the Company dated 25 August 2023, 22 September 2023, 25 September 2023 and 25 October 2023 in relation a winding-up petition filed with the Court of First Instance of the High Court of The Hong Kong Special Administrative Region (the "**High Court**") against the Company (the "**Hong Kong Petition**").

On 20 December 2023, the Company was ordered to be wound up by the High Court of Hong Kong and the Official Receiver by virtue of her office becomes the Provisional Liquidator of the Company.

**CONTINUED SUSPENSION OF TRADING**

Trading in the shares of the Company, which was suspended with effect from 9:00 am on 25 September 2023, will remain to be suspended until further notice.

The Company will keep the public informed by making further announcements as appropriate.

The shareholders and potential investors of the Company are advised to exercise caution when dealing in the securities of the Company.

**Ms. Phyllis McKenna**
**Official Receiver & Provisional Liquidators of**
**China Oceanwide Holdings Limited (In liquidation)**

Hong Kong, 3 January 2024

*According to the information available from the previous announcement made by the Company, immediately before the making of winding up order against the Company by the Court, the Board of the Company comprises as follows:*

**Executive Directors:**
Mr. Liu Guosheng *(Chairman)*
Mr. Liu Hongwei   *(Deputy Chairman)*

**Non-executive Director:**
Mr. Zhao Yingwei

**Independent Non-executive Director:**
Mr. Yan Fashan

*The affairs, business and property of the Company are being managed by the Official Receiver and Provisional Liquidator who acts as the agent of the Company only and without personal liability.*

# Exhibit C

HCCW 370/2023

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES WINDING-UP PROCEEDINGS
NO. 370 OF 2023

2 7 SEP 2024

| IN THE MATTER of | the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32) |

and

| IN THE MATTER of | China Oceanwide Holdings Limited |

BEFORE MASTER J. WONG OF THE HIGH COURT IN CHAMBERS

**ORDER APPOINTING LIQUIDATORS**

UPON the application of the Official Receiver and Provisional Liquidator of China Oceanwide Holdings Limited (the "**Company**") ("**ORPL**") to the Court for consideration of the resolutions and determinations of the first meetings of creditors and contributories of the Company by way of Ex-parte Summons filed on 28 February 2024.

AND UPON reading the Report of the ORPL together with its annexures filed on 28 February 2024, the Second Report of the ORPL together with its annexures filed on 20 March 2024, the Third Report of the ORPL together with its annexures filed on 25 March 2024, the Affidavit of Chen Lilin Amanda filed on 10 April 2024, the Affidavit of Wong Stacey Martin filed on 24 April 2024,

1

the 1st Affirmation of Ng Kit Chung filed on 24 April 2024, and the Fourth Report of the ORPL together with its annexures filed on 30 May 2024

AND UPON hearing the Solicitors of the ORPL, senior counsel for OCM Harbour Investments Pte. Ltd., counsel for Quam Finance Limited, and counsel for China Oceanwide Group Limited on 4 September 2024

AND UPON hearing the Solicitors of the ORPL, Solicitors for OCM Harbour Investments Pte. Ltd., Solicitors for Quam Finance Limited, and Solicitors for China Oceanwide Group Limited on 16 September 2024

IT IS ORDERED that :—

(1) Messrs. Lai Kar Yan (Derek) and Kam Chung Hang (Forrest), both of Deloitte Touche Tohmatsu, be appointed the joint and several liquidators of the Company (the "**Liquidators**");

(2) there shall be a committee of inspection in this winding-up comprising: -

    (i) Oceanwide Holdings International Co., Ltd
    (ii) China Oceanwide Group Limited
    (iii) Quam Finance Limited
    (iv) Fountain I Limited
    (v) Lendlease (US) Construction Inc.
    (vi) New York – 80 South Street, LLC;

(3) The Liquidators shall be entitled to remuneration charged on time-costs basis or such other basis under section 196(2) of the Companies (Winding Up and Miscellaneous Provisions) Ordinance (the "**Ordinance**"), and such remuneration shall be paid out of the assets of the Company;

(4) The Liquidators do within 21 days from the date of this Order give security to the satisfaction of the Official Receiver as provided by section 195 of the Ordinance;

(5) Notice of this Order be gazetted by the Official Receiver;

(6) Rule 45(6) of the Companies (Winding-up) Rules (Cap. 32H) shall not apply to the appointments made in this Order;

(7) The costs of the Official Receiver and Provisional Liquidator of and occasioned by this application be an expense of liquidation and be paid out of the assets of the Company; and

(8) OCM Harbour Investments Pte. Ltd. do within 28 days hereof pay the costs of China Oceanwide Group Limited and Quam Finance Limited, including all costs reserved and including certificate for counsel for the hearing on 4 September 2024, summarily assessed at HK$216,500 and HK$266,500 respectively.

Dated this 16th day of September 2024.

Registrar

HCCW 370/2023

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
COMPANIES WINDING-UP PROCEEDINGS
NO. 370 OF 2023

---

IN THE MATTER of    the Companies (Winding Up and Miscellaneous Provisions) Ordinance (Cap. 32)

and

IN THE MATTER of    China Oceanwide Holdings Limited

---

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

## ORDER APPOINTING LIQUIDATORS

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

Filed this    2 7 SEP 2024

The Official Receiver
Official Receiver's Office
10/F., High Block, Queensway Government Offices
66 Queensway
Hong Kong

Ref. : L10/370/2023-AY/G-S(ACW)8
Tel. : 2867 2683
Fax : 3105 0432

EA/L-119 (3/2014)